```
BARBARA A. BLACKBURN, Bar No. 253731
bblackburn@littler.com
KAYLA K. COX, Bar No. 311152
kcox@littler.com
LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, California  95814
Telephone:    916.830.7200
Fax No.:      916.561.0828
```

Attorneys for Defendants
FREEDOMROADS LLC, dba GANDER RV OF REDDING - RV CAMPING WORLD, SEAN FREYNE AND DARLEEN TARA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| IRA SPEARS, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FREEDOMROADS LLC, dba GANDER RV OF REDDING - RV CAMPING WORLD, SEAN FREYNE, DARLEEN TARA and DOES 1-25,<br><br>　　　　　Defendants. | Case No. 2:21-cv-00816-KJM-DMC<br><br>**JOINT STIPULATION AND ORDER TO STAY ACTION AND PROCEED WITH FINAL AND BINDING ARBITRATION** |

　　　　　Plaintiff IRA SPEARS ("Plaintiff") and Defendants FREEDOMROADS LLC, dba GANDER RV OF REDDING – RV CAMPING WORLD, SEAN FREYNE, and DARLEEN TARA ("Defendants") ) (collectively the "Parties"), by and through their counsel of record herein, hereby stipulate and agree as follows:

　　　　　1.　　WHEREAS Plaintiff and Defendants entered into a written agreement that all disputes arising out of Plaintiff's employment relationship with Defendant are subject to binding arbitration, and a true and correct copy of this agreement is attached hereto as **Exhibit A**;

JOINT STIPULATION AND
ORDER TO STAY ACTION AND PROCEED　　　　1　　　　CASE NO. 2:21-CV-00816-KJM-DMC
WITH FINAL AND BINDING ARBITRATION

LITTLER MENDELSON
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

2.　　WHEREAS Plaintiff filed the instant lawsuit on May 5, 2021 and his First Amended Complaint on June 2, 2021, asserting claims related to, and arising out of, his employment with Defendant FREEDOMROADS LLC, dba BANDER RV OF REDDING – RV CAMPING WORLD;

3.　　WHEREAS Defendants deny all of Plaintiff's allegations of wrongdoing;

4.　　WHEREAS in light of the arbitration agreement, the Parties agree that this matter should be stayed and Plaintiff's claims submitted to binding arbitration; and

5.　　WHEREAS the Parties agree that this Court has the authority to order a stay of all proceedings under the California Arbitration Act, California Code of Civil Procedure section 1281.4 and the Federal Arbitration Act, 9 U.S.C section 4.

THEREFORE, subject to the approval of this Court, it is hereby stipulated and agreed, by and between the parties, as follows:

1.　　That all of Plaintiff's claims in his First Amended Complaint be submitted to final and binding arbitration pursuant to applicable law and to the terms of the arbitration agreement attached to the Parties' Stipulation as **Exhibit A**;

2.　　Plaintiff's First Amended Complaint shall serve as Plaintiff's Complaint in the arbitration and the filing date of Plaintiff's initial Complaint, June 3, 2021, shall be the date of Plaintiff's filing of claims and/or demand for purposes of determining limitations periods; and

3.　　The above-captioned matter shall be stayed pending the decision of the arbitrator, and the Court shall retain jurisdiction for purposes of enforcing this Stipulation and final arbitration order or award.

IT IS SO STIPULATED.

Dated: July 28, 2021

LELAND MORRISSEY & KNOWLES LLP

By: _____
Andrew J. Morrissey
Attorneys for Plaintiff
IRA SPEARS

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

JOINT STIPULATION AND ORDER TO STAY ACTION AND PROCEED WITH FINAL AND BINDING ARBITRATION

2

CASE NO. 2:21-CV-00816-KJM-DMC

Dated: July 28, 2021            LITTLER MENDELSON, P.C.


By:    */s/ Kayla K. Cox*
      BARBARA A. BLACKBURN
      KAYLA K. COX
      Attorneys for Defendants
      FREEDOMROADS LLC, dba GANDER
      RV OF REDDING - RV CAMPING
      WORLD, SEAN FREYNE, and DARLEEN
      TARA

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

JOINT STIPULATION AND
ORDER TO STAY ACTION AND PROCEED    3    CASE NO. 2:21-CV-00816-KJM-DMC
WITH FINAL AND BINDING ARBITRATION

**ORDER**

Based on the Parties' Joint Stipulation to Stay Action and Proceed with final and Binding Arbitration, and good cause showing, the Court hereby orders:

1. That all of Plaintiff's claims in the above-reference action shall be submitted to final and binding arbitration pursuant to the applicable law and to the terms of the arbitration agreement attached to the Parties' Joint Stipulation as **Exhibit A**.

2. That all of Plaintiff's claims in the above-captioned action shall be stayed pending a final arbitration award.

IT IS SO ORDERED.

Dated: August 5, 2021

_____
CHIEF UNITED STATES DISTRICT JUDGE

LITTLER MENDELSON P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

JOINT STIPULATION AND ORDER TO STAY ACTION AND PROCEED WITH FINAL AND BINDING ARBITRATION

4

CASE NO. 2:21-CV-00816-KJM-DMC

## Arbitration Agreement

This arbitration agreement ("agreement") is made as of this **22ND** day in the month of **April**, 20**19** by and between FreedomRoads, LLC ("the Company") and the undersigned Associate of The Company.

In consideration of the Company providing prospective Associates with an application for employment, or an offer of employment or continued employment by the Company and the compensation and job benefits that Associate has and/or will receive from the Company, the benefits of the speedy, impartial, and cost-effective dispute resolution procedure described below, and the mutual promises made by Associate and the Company herein, the undersigned Associate hereby agrees to the following:

1. Associate and the Company mutually agree that any and all claims or disputes described in paragraph 2 that Associate may have now or in the future with or against the Company, any parent or subsidiary of, or any entity affiliated with the Company or any of its subsidiaries, and the officers, directors, managers, Associates, or agents of any of them acting in their capacity as such, or that the Company shall have now or in future with or against Associate, may be heard by a neutral mediator mutually selected by the Company and the Associate; and that if mediation of a dispute by Associate or the Company is unsuccessful, the claim or dispute shall be submitted to arbitration and heard and decided by a neutral arbitrator from the AAA roster of employment dispute arbitrators or equivalent roster of employment dispute arbitrators to which the parties agree.

2. The disputes and claims covered by this Agreement include all claims or controversies, whether or not arising out of employment or termination of employment, that would constitute a cause of action in a court, including but not limited to claims for wages or other compensation due; claims for breach of contract or promise (express or implied); tort claims; claims for discrimination or other employment-related claims; claims for benefits (except where an associate benefit or pension plan specifies that its claims procedure shall result in an arbitration procedure different from this one); and claims for violation of any federal, state, local or other governmental law, statute, regulation, or ordinance, including but not limited to claims, if any, based on the Civil Rights Act of 1991; Title VII of the civil Rights Act of 1964; the Civil Rights Act of 1866; the Americans with Disabilities Act; the Rehabilitation Act of 1973; The Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Family and Medical Leave Act; the Employee Retirement Income Security Act of 1974; the Equal Pay Act; the Fair Credit Reporting Act, the Immigration Reform and Control Act of 1986; the Occupational Safety and Health Act of 1970; the Employee Polygraph Protection Act; any amendments to any of the foregoing, and any other federal, state, or local statute, regulation, ordinance, or common law, including without limitation any law related to discrimination, terms, and conditions of employment or termination of employment, except claims for worker's compensation benefits and unemployment compensation benefits, and claims by the Company for injunctions or other types of equitable relief for unfair competition, use or unauthorized disclosure of trade secrets or confidential information, or violations of non-competition agreements as to which the Company may seek and obtain relief from the courts,

Nothing in this Agreement shall be construed as prohibiting Associate from filing an administrative charge of discrimination, an unfair labor practice charge, or other alleged

Revised 11/07

violation of law with the Equal Employment Opportunity Commission, the National Labor Relations Board, or any other government agency acting pursuant to federal or state law.

This Agreement applies to employment with the Company, regardless of the name by which it is known, and any entity owned, controlled by or related to the Company, no matter where located. In the event of a transfer to a facility in another state, this agreement applies to all disputes and claims under all of the relevant statutes and laws of that new state as though they were set out above.

3. The arbitrator's decision shall be final and binding on Associate and the Company. Associate and the Company acknowledge that arbitration is a substitute for traditional litigation and hereby waive their respective rights to file a private lawsuit and have that suit heard in court by a judge or a jury.

4. Associate's waiver of his/her right to trial by jury and his/her agreement to submit all disputes, including without limitation those arising out of employment or termination of employment, to final and binding arbitration is done voluntarily and knowingly. Associate fully understands that this Agreement precludes Associate from seeking redress in court for a dispute with or against the Company. Class action claims and/or claims of multiple associates may be heard together only by written agreement of both the Company and the complaining associate(s) unless the party or parties seeking to have class or multiple claims heard together can demonstrate to a court or arbitrator that class or multi-party claims are the only effective way to halt and redress the alleged violations about which the party or parties complain.

5. Associate acknowledges and agrees that the Company engages in transactions involving interstate commerce and that his/her employment involves such commerce. The parties expressly agree that the Federal Arbitration Act shall govern this Agreement

6. Either party may bring an action in any proper court to require arbitration under this Agreement and to enforce an arbitration award. Arbitration under this Agreement may be enforced under the terms of the Federal Arbitration Act, and judicial review shall be limited, as provided by law.

7. This Agreement reflects the full and complete agreement between the parties, and any prior negotiations, understanding, and explanations or agreements are merged herein. Associate acknowledges and agrees that he/she has not relied on any representation, nor have any representations been made, other than those set forth in this agreement and the the Company's *Rules for the 3-Step Resolution to Associate Issues* procedures, a copy of which is available for Associate's inspection upon request.

8. This Agreement cannot be revoked or modified except by a written agreement of both parties on 10 days notice and only so long as it does not affect any outstanding claim or proceeding. The notice must specifically state intent to revoke or modify this Agreement and be signed by the party against whom the enforcement of any revocation or modification is sought. The Company reserves the right to substitute another nationally recognized provider of arbitration services in place of AAA provided such substitute organization provides neutral panels and administers arbitrations subject to rules fair to both parties and substantially similar to the AAA national rules for the resolution of employment disputes.

9. The invalidity of a portion or provision of this Agreement or the Company's *Rules for the 3-Step Resolution to Associate Issues* shall not affect the validity of any other portion or provision. If any portion or provision is found to be invalid or unenforceable, the remainder of the Agreement and the Company's *Rules for the 3-Step Resolution to Associate Issues* Procedures shall remain in full force and effect

10. This Agreement shall survive the termination of Associate's employment and shall apply to any claim or dispute, whether it arises or is asserted before, during or after the Associate's employment with the Company.

11. Nothing in this Agreement shall be construed to create any contract of employment, express or implied, or to alter the at-will employment relationship between Associate and the Company. Associate retains the right to resign from employment with the Company at any time and for any reason, and the Company retains the right to terminate Associate's employment at any time and for any reason. But this agreement does create a binding agreement to arbitrate all disputes as defined by the agreement.

I have received a set of the rules referred to above. I acknowledge that I have carefully read this agreement, that I understand its terms, that all understandings and agreements between the Company and me relating to the subjects covered in the agreement are contained in it, and that I have entered into the agreement voluntarily and not in reliance on any promises or representations by the Company other than those contained in this agreement itself.

In witness whereof, the parties have executed this Arbitration Agreement as of the day and year written above.

Date: **4-22-19**

Associate's Signature: _[signature]_

Social Security Number: **224 96 4296**

**B&B RV**
Name of Dealership

_____

By:_____

Date:_____